

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2004

# Hung v. Evanko

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4475

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"Hung v. Evanko" (2004). *2004 Decisions.* Paper 230.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/230

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 03-4475

KAM WAN HUNG;
HAU WAN NG
v.

PAUL J. EVANKO, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; DERRICK WATFORD, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; TYRONE BRADFORD,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

Kam Wan Hung,

<u>Appellant</u>

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-03580)
District Judge: Hon. William H. Yohn, Jr.

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, <u>Circuit Judges</u>

(Filed: October 14, 2004)

OPINION

COWEN, <u>Circuit Judge</u>.

Kam Wan Hung ("Hung") appeals from a jury verdict in favor of State Police Trooper Derrick Watford ("Watford"), finding that Watford did not use excessive force during Hung's arrest on August 2, 1999. We find no error in the District Court's instructions to the jury, and we will affirm.

As we write only for the parties, we will briefly explain the relevant facts underlying this action. On August 2, 1999, Hung was involved in a minor traffic accident. Watford was the first police officer to arrive on the scene, and began investigating what had happened and collecting information from the drivers involved. During this time, Hung became upset and belligerent, disregarding several orders from Watford. When Hung did not calm down, Watford arrested her for disorderly conduct. Hung contends that, although the arrest was lawful, Watford used excessive force when he arrested her. Specifically, she alleges that, although she made no attempt to resist arrest or flee, Watford grabbed her by the neck and threw her forcefully to the ground. Watford, on the other hand, contends that Hung was out of control, and that he merely used the moves he had learned at the police academy to take Hung to the ground and place her in handcuffs. The jury returned a verdict in favor of Watford, specifically finding that he did not use excessive force during the arrest.

Hung now argues that the District Court improperly charged the jury on excessive force. The District Court instructed the jury that:

> You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the

2

circumstances shown by the evidence received in the case. In determining whether defendant trooper used excessive force, you may consider the following factors: the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection to the plaintiff against injuries that would have occurred absent the excessive force.

(Appellee's App. at 73.) The District Court then explained the factors that the jury could consider in determining whether the force was excessive, explained that the reasonableness of the force should be determined based on the perspective of a reasonable officer at the scene and not through hindsight, and explained that the use of force must be objectively reasonable. (Id. at 74-75.)

The District Court next gave the jury an additional charge, explaining:

If, however, you find that the defendant trooper had a reasonable belief that his actions did not violate the constitutional rights of the plaintiff, then you cannot find defendant police officer liable, even if plaintiff's rights were, in fact, violated as a result of the defendant police officer's objectively reasonable action. A mistaken but reasonable belief as to the use of force justified in a particular situation as the trooper perceived it does not violate the fourth amendment.

(Id. at 75.) Hung objects to this instruction, arguing that it improperly made the reasonableness test into a subjective test, rather than an objective test.

Because Hung argues that the District Court applied the wrong standard in its jury instructions, our review is plenary. See Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996)

3

(citations omitted).  We must reverse "[i]f, looking at the charge as a whole, the instructions were capable of confusing and thereby misleading the jury." Id. (internal quotations and citations omitted).

"The use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness." Saucier v. Katz, 533 U.S. 194, 202 (2001).  The reasonableness of the officer's belief as to the appropriate level of force is to be judged from the perspective of a reasonable officer on the scene, not from hindsight.  Id. at 205; Graham v. Connor, 490 U.S. 386, 396 (1989).  "If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed." Saucier, 533 U.S. at 205.

Hung argues that the decision in Mosley v. Wilson requires reversal in this case. We disagree.  The plaintiff in Mosley brought two claims against a police officer after an arrest: an excessive force claim and a malicious prosecution claim.  Id. at 88.  The District Court told the jury that, in order for the police to violate a person's constitutional rights, something more than negligence was needed.  Id.  The District Court then instructed the jury that it had to find that the officer had acted with deliberate or reckless indifference. Id.  In other words, the District Court instructed the jury that it had to determine the officer's subjective intent in determining whether a violation of the plaintiff's constitutional rights had occurred.  It was unclear from the instructions whether the District Court intended for that instruction to apply to both claims or only to the malicious

4

prosecution claim. As the test for whether a particular use of force is excessive is an objective one, we found that the jury instructions were capable of misleading the jury and remanded the case for a new trial. Id. at 95.

In this case, the District Court's instruction correctly laid out the standard for an excessive force claim. The language about mistake did not impermissibly change the standard from an objective to a subjective one. Under the language of the charge, the jury would find Watford liable if he was mistaken as to the appropriate level of force required and that mistake was unreasonable. The language comports with the Supreme Court's admonishment that the test of whether a particular use of force is appropriate must be judged from the perspective of a reasonable officer at the scene, not with the "20/20 vision of hindsight." Saucier, 533 U.S. at 205 (quoting Graham, 490 U.S. at 393). The instructions as a whole were not confusing or misleading, and we find no reversible error.

Hung also argues that the District Court erred in instructing the jury regarding her use of the word discrimination during her testimony. The District Court explained to the jury that "[t]here is no claim in this case of discrimination, so you should ignore that as well." (App. at 50.) Hung argues that this instruction denied her equal protection and due process, because the jury was not instructed to disregard testimony about Hung's possible racial biases.[1] Hung did not object to this instruction at trial, however, and there is no evidence that she requested a similar instruction regarding her own racial biases.

---

[1]Both officers and the other driver involved in the accident are African-American.

5

She has therefore waived this issue on appeal, and we will review only for plain error. Alexander v. Riga, 208 F.3d 419, 426-27 (3d Cir. 2000). We find no plain error either in the instruction regarding discrimination or the lack of an instruction regarding Hung's biases.

For the foregoing reasons, the judgment of the District Court entered on November 3, 2003, will be affirmed.